UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIELLE PISARZ, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>-against-<br><br>GC SERVICES LIMITED PARTNERSHIP, and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff DANIELLE PISARZ (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus Zelman, LLC, against Defendant GC SERVICES LIMITED PARTNERSHIP and JOHN DOES 1-25 (hereinafter collectively "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

1

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer"

as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a debt collector with its principal office located at 6330 Gulfton Street, Suite #440, Houston, Texas 77081.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    > All consumers with an address in the state of New Jersey who received a voicemail from the Defendant attempting to collect a debt or alleged debt, that either a) fails to meaningfully disclose the callers identity and/or b) fails to notify the consumer that the call is from a debt collector.

14. The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection voicemails from the Defendant that

3

violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form voicemail notice;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.
17. On or around July 10, 2016, the Defendant began calling the Plaintiff in an attempt to collect an alleged consumer debt (the "Debt").
18. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.
19. The Debt is a "debt" as defined by 15 U.S.C.§ 1692a(5).
20. Defendant contends that the Debt is past due.

21. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

22. On or about July 10, 2016, the Defendant called Plaintiff's cellular telephone number ending in 3388 and left a voicemail.

23. The voicemail stated:

> "This message is for Danielle Pisarz, my name is Al Lease. Please return my call at your earliest convenience at 877-551-9781. Use your reference number 104338. Our hours are 11:00am to 10:00pm."

24. The Plaintiff does not recall receiving any calls from the Defendant prior to the July 10, 2016 call.

25. Upon receiving said voicemail, the Plaintiff called back the number and was told that the call was from the Defendant, a debt collector attempting to collect a debt.

26. In enacting the FDCPA, the Senate addressed collection abuses they observed, specifically from debt collectors who would obtain "information about a consumer through false pretense . . ." To end these abuses, Congress gave consumers the right to be informed that the entity contacting them is a debt collector. See 15 U.S.C. § 1692e(11).

27. By failing to disclose that the call was from a debt collector, the Defendant caused the Plaintiff a risk of real harm, that the Plaintiff would not know that she was communicating with a debt collector, and that any information the Plaintiff provided would be used for that purpose.

28. In addition, any information later obtained by the Defendant is analogous to intrusion upon seclusion which is a violation at common law.

29. The Supreme Court has held that plaintiffs have standing to sue for failure to provide access to information required by law. *Spokeo v. Robins* _____ U.S. ____, 136 S. Ct. 1541, 2016 WL 2842447 at *8 (May 16, 2016).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32. Defendant violated said section by placing a telephone calls without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6).

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

36. The Defendant violated 15 USC §1692e by failing to disclose in the July 10, 2016 phone call that the call was from a debt collector.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 27, 2016            */s/ Ari H. Marcus*
                                Ari Marcus, Esq.
                                MARCUS & ZELMAN, LLC
                                1500 Allaire Avenue, Suite 101
                                Ocean, New Jersey 07712

>(732) 695-3282 telephone
>(732) 298-6256 facsimile
>ari@marcuszelman.com
>*Attorneys for Plaintiff*
>
>*/s/ Yitzchak Zelman*
>Yitzchak Zelman, Esq.
>MARCUS & ZELMAN, LLC
>1500 Allaire Avenue, Suite 101
>Ocean, New Jersey 07712
>(732) 695-3282 telephone
>(732) 298-6256 facsimile
>Yzelman@marcuszelman.com
>*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 27, 2016              */s/ Ari H. Marcus*
                                  Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 27, 2016              */s/ Ari H. Marcus*
                                  Ari Marcus, Esq.